UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIRAN VUPPALA,

       Plaintiff,

-against-

KGM PARTNERS LLC, a New York limited liability company, d/b/a REBEL COFFEE, and STOLIAR REAL ESTATE CORP., a New York corporation,

       Defendants.

21-cv-3831

**ANSWER**

  Defendant KGM PARTNERS LLC d/b/a REBEL COFFEE (hereinafter "Defendant"), by its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, respectfully answers the Complaint of the Plaintiff, as follows:

### ANSWERING "JURIDICTION AND PARITES"

  1. Responding to paragraph 1 of the Complaint, Defendant admits that the action is styled as an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, but denies that Plaintiff is entitled to any of the relief sought. Defendant states that the remaining allegations contained in paragraph 1 of the Complaint set forth legal conclusions to which no response is required, and Defendant refers all questions of law to this Honorable Court.

  2. Defendant states that the allegations contained in paragraph 2 of the Complaint set forth legal conclusions to which no response is required, and Defendant refers all questions of law to this Honorable Court.

  3. Defendant states that the allegations contained in paragraph 3 of the Complaint set forth legal conclusions to which no response is required, but to the extent a response is deemed

1

required Defendant denies the allegations set forth in paragraph 3 of the Complaint and Defendant refers all questions of law to this Honorable Court.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is a paraplegic and uses a wheelchair for mobility such that he qualifies as having a "qualified disability" under the Americans with Disability Act of 1990 as alleged in paragraph 4 of the Complaint. Defendant denies the remaining allegations contained in paragraph 4 of the Complaint.

5. Responding to paragraph 5 of the Complaint, Defendant admits that it is a limited liability company authorized to conduct business in New York State, and that Defendant maintains a lease for the premises located at 19 Eighth Avenue, New York, New York commonly referred to as "Rebel Coffee". Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint, and on that basis denies them. All allegations not expressly admitted are denied.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and on that basis denies them. Defendant refers all questions of law to this Honorable Court.

**ANSWERING "COUNT I"**

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint. Defendant refers to the text of the laws cited for the true contents thereof, and refers all questions of law to this Honorable Court.

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint. Defendant refers to the text of

the laws cited for the true contents thereof, and refers all questions of law to this Honorable Court.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint. Defendant refers to the text of the laws cited for the true contents thereof, and refers all questions of law to this Honorable Court.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint. Defendant refers to the text of the laws cited for the true contents thereof, and refers all questions of law to this Honorable Court.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint. Defendant refers to the text of the laws cited for the true contents thereof, and refers all questions of law to this Honorable Court.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint. Defendant refers to the text of the laws cited for the true contents thereof, and refers all questions of law to this Honorable Court.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint, and Defendant refers to the text of the laws cited for the true contents thereof and refers all questions of law to this Honorable Court.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, but denies that Plaintiff is entitled to any of the relief sought. Defendant refers to the text of the laws cited for the true contents thereof, and refers all questions of law to this Honorable Court.

### ANSWERING "COUNT II"

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint. Defendant refers to the text of the laws cited for the true contents thereof, and refers all questions of law to this Honorable Court.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained paragraph 23 of the Complaint, and repeats and incorporates the answers and allegations set forth at paragraphs 1 through 22 above as if fully set forth herein.

### ANSWERING "COUNT III"

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint. Defendant refers to the text of the laws cited for the true contents thereof, and refers all questions of law to this Honorable Court.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and on that basis denies them. Defendant refers all questions of law to this Honorable Court.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained paragraph 28 of the Complaint, and repeats and incorporates the answers and allegations set forth at paragraphs 1 through 27 above as if fully set forth herein.

## ANSWERING "COUNT IV"

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint. Defendant refers to the text of the laws cited for the true contents thereof, and refers all questions of law to this Honorable Court.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint. Defendant refers to the text of the case law cited for the true contents thereof, and refers all questions of law to this Honorable Court.

33. Defendant denies the allegations contained in paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained paragraph 37 of the Complaint, and repeats and incorporates the answers and allegations set forth at paragraphs 1 through 36 above as if fully set forth herein.

### ANSWERING "ATTORNEYS' FEES AND COSTS"

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Responding to paragraph 39 of the Complaint, Defendant admits that Plaintiff purports to seek judgment pursuant to N.Y. Exec. Law § 297, but denies that Plaintiff is entitled to any of the relief sought. All allegations not expressly admitted are denied.

### ANSWERING "DAMAGES"

40. Responding to paragraph 40 of the Complaint, Defendant admits that Plaintiff purports to seek compensatory damages under the New York City Human Rights Law and New York State Human Rights Law as well as punitive damages pursuant to the Administrative Code of the City of New York, but Defendant denies that Plaintiff is entitled to any of the relief sought. All allegations not expressly admitted are denied.

### ANSWERING "INJUNCTIVE RELIEF"

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, but denies that Plaintiff is entitled to any of the relief sought. Defendant refers to the text of the laws cited for the true contents thereof, and refers all questions of law to this Honorable Court.

### ANSWERING THE PRAYER FOR RELIEF

The Prayer for Relief requires no response. To the extent any response is deemed required, Defendant denies that Plaintiff should be granted any of the relief requested in paragraphs A through E of his Prayer for Relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant asserts the following additional defenses to Plaintiff's claims. The assertion of such defenses, or the designation of a defense as an "affirmative defense," does not admit that Defendant has the burden of proving the matter asserted.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Upon information and belief, the plaintiff lacks the requisite standing under the Americans with Disability Act ("ADA") to maintain this cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Any alleged violations do not affect the Plaintiff's alleged disability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The Plaintiff has failed to allege a plausible intention or desire to return to the Defendant's property, or that he would have returned if not for the alleged barrier.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The property is not subject to the rules and regulations promulgated within the ADA.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Removal of the alleged barriers and/or alternative access requirements with respect to the subject property are not readily achievable and are thus not required.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to monetary relief, either compensatory or punitive under the provisions of the ADA.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred from recovery, in whole or in part, as Plaintiff has suffered no damages.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate any alleged damages.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred as plaintiff fails to provide specificity as to how, where and when he was discriminated against by Defendant.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the doctrine of waiver, laches and estoppel.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's damages, if any, were caused by individuals and entities other than Defendant, over which Defendant had no control.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

No actual constructive notice regarding accessibility issues were provided to Defendant.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

The property is not subject to the rules and regulations promulgated within the State Executive Law (sections 296, 298), New York State Civil Rights Law, and the New York City Administrative Code (New York Human Rights Law).

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant is in full compliance with all federal and state laws pursuant to the equivalent facilitation doctrine.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**

The Court should decline to exercise supplemental jurisdiction over Plaintiff's claims for monetary damages arising under the state and municipal law for the same policy reasons set forth in *Phillips v. 180 Bklyn Livingston, LLC*, 2017 U.S. Dist. LEXIS 758154 (E.D.N.Y. May 16, 2017).

**AS AND FOR A SEVENTEETH AFFIRMATIVE DEFENSE**

Defendant has provided a reasonable accommodation as defined by the New York City Human Rights Law, and Defendant cannot make any further accommodations without undue hardship.

**AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE**

The alleged property deficiencies enumerated in Plaintiff's Complaint are moot.

**AS AND FOR A NINTEETH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail because any remediation sought is physically impracticable.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff's claims fail because the subject property was designated as a landmark property on or about April 29, 1969.

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional affirmative defenses or other defenses in regards to the Plaintiff's claims.

**WHEREFORE**, Defendant respectfully requests that the Complaint asserted against it be dismissed in its entirety and all relief requested therein be denied, and that the Court award Defendant such further relief as the Court deems just and proper.

## **JURY DEMAND**

Defendant KGM PARTNERS LLC d/b/a REBEL COFFEE demands a trial by jury of all causes of action as to which the law entitles it to a trial by jury.

Dated: New York, New York
May 24, 2021

                              Yours, etc.,

            WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP

                        By: /s/ Jura Zibas
                              Jura C. Zibas, Esq.
                              Stephen J. Barrett, Esq.
                              Attorneys for Defendant
                              KGM PARTNERS LLC
                              150 East 42nd Street
                              New York, New York 10017
                              (212) 490-3000
                              (212) 490-3038 (fax)
                              Jura.Zibas@wilsonelser.com
                              Stephen.Barrett@wilsonelser.com
                              Our File No.: 12742.00068